IN THE SUPREME COURT OF THE STATE OF DELAWARE

JEROME T. MILLER, § 
§ 
    Defendant Below, § No. 379, 2014
    Appellant, § 
§ Court Below—Superior Court
    v. § of the State of Delaware,
§ in and for Sussex County
STATE OF DELAWARE, § Cr. ID No. 1110012379
§ 
    Plaintiff Below, § 
    Appellee. § 

Submitted: October 22, 2014
Decided: December 9, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 9th day of December 2014, upon consideration of the appellant's Supreme Court Rule 26(c) brief, the State's response, and the record below, it appears to the Court that:

(1)　In January 2012, the appellant, Jerome Miller, was indicted for Aggravated Menacing, Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF"), Attempted Strangulation, and Assault in the Third Degree. These charges arose from Miller's October 18, 2011 attack on his then-wife. Miller was ordered not to contact his wife as part of his bail conditions.

(2)　On February 29, 2012, in anticipation of a March 5, 2012 case review, the State made a plea offer. Under the February 29, 2012 plea offer, Miller would

plead guilty to Aggravated Menacing, Attempted Strangulation, and Assault in the Third Degree and the State would agree to enter a *nolle prosequi* on the remaining charges. The State and Miller would also agree to recommend the following sentence: (i) for Aggravated Menacing, five years of Level V incarceration, suspended after one year for two years of Level III supervision with GPS monitoring as well as an evaluation for entry into the Mental Health Court program; (ii) for Attempted Strangulation, eight years of Level V incarceration, suspended after two years for two years of Level III supervision; and (iii) for Assault in the Third Degree, one year of Level V incarceration, suspended for one year of Level III supervision. The maximum penalty for these charges was fourteen years of Level V incarceration.

(3)  The prosecutor stated that he did not plan to attend the review hearing. The prosecutor did not attend the March 5, 2012 hearing. Miller's counsel provided the plea offer to Miller on March 5, 2012.

(4)  The State made another plea offer on March 8, 2012. According to the prosecutor, Miller had rejected the February 29, 2012 plea offer. The February 29, 2012 and March 8, 2012 plea offers were substantially similar, but the March 8, 2012 plea offer increased the recommendation of non-suspended Level V time for Aggravated Menacing from one year to two years and provided that the two years of probation for Attempted Strangulation would be consecutive rather than

2

concurrent. The State indicated that the March 8, 2012 plea offer had to be accepted by March 14, 2012. The State also stated that if Miller did not accept the plea offer by March 14, 2012, it would return to the grand jury and seek an indictment against Miller for Breach of Conditions of Bail During Commitment and Tampering with a Witness based upon multiple letters Miller had sent to his wife in violation of the no contact order.

(5) Miller's counsel did not communicate the plea offer to Miller because he had concerns regarding Miller's mental health and he did not approve of the short deadline for acceptance set by the prosecutor. On March 13, 2012, Miller's counsel informed the prosecutor that he would not be responding to the plea offer by March 14, 2012, but would discuss it with his client and get back to him. On March 15, 2012, Miller's counsel filed a Motion for Mental Examination. On March 19, 2012, the grand jury issued a superseding indictment. In addition to the original charges, the indictment added eighteen counts of Breach of Conditions of Bail During Commitment and seven counts of Tampering with a Witness.

(6) On March 25, 2012, the Superior Court granted the Motion for Mental Examination. Miller was evaluated by the Delaware Psychiatric Center ("DPC"). DPC determined that Miller was competent to stand trial.

(7) On June 20, 2012, Miller pled guilty to Aggravated Menacing, Assault in the Third Degree, and one count of Breach of Conditions of Bail During

3

Commitment. The maximum penalty for these charges was eleven years of Level V incarceration. In exchange for Miller's guilty plea, the State agreed to enter a *nolle prosequi* on the remaining charges. The State and Miller also agreed to recommend determination of the sentence after a presentence investigation and an evaluation by the Treatment Access Center ("TASC") for possible entry into the Mental Health Court program.

(8) On August 23, 2012, Miller was sentenced as follows: (i) for Breach of Conditions of Bail During Commitment, five years of Level V incarceration with credit for 294 days served and without benefit of any form of early release; (ii) for Aggravated Menacing, five years of Level V incarceration, suspended for five years of Level III supervision; and (iii) for Assault in the Third Degree, one year of Level V incarceration, suspended for one year of Level III supervision. The Superior Court judge did not place Miller in the Mental Health Court program because he was concerned by the violent acts Miller had committed against his wife and his violations of the no contact order. Miller did not appeal.

(9) On November 25, 2013, Miller filed his first motion for post-conviction relief. Miller claimed his counsel was ineffective for: (i) failing to argue mental health issues and failing to appeal the Superior Court's refusal to place Miller in the Mental Health Court program; (ii) not allowing or allowing Miller to address the Superior Court; and (iii) not calling his wife to testify

4

regarding the charges. The Superior Court appointed counsel ("Postconviction Counsel") to represent Miller.

(10) Postconviction Counsel filed an amended motion for postconviction relief in April 2014. In this motion, Postconviction Counsel argued that Miller's former counsel was ineffective during the plea bargaining process because he did not communicate the State's plea offers to Miller in a timely manner, depriving Miller of the opportunity to avoid indictment on additional charges and receive recommendations for less Level V time than the Superior Court imposed after entry of the June 20, 2012 plea. Miller's former counsel responded to the motion and gave his reasons for not providing the March 8, 2012 plea offer to Miller in March (his concerns regarding Miller's mental health and his disapproval of the prosecutor's setting of an arbitrarily short deadline for response). Miller's former counsel stated he reviewed all of the plea offers with Miller in June. He also noted that the June 20, 2012 plea offer represented a lower maximum penalty than the prior plea offers (eleven years versus fourteen years) and did not contain a recommendation for any Level V time (instead of recommended Level V time of three years or four years).

(11) On June 30, 2014, the Superior Court denied Miller's motion for postconviction relief. The Superior Court did not address the claims raised by Miller in his November 25, 2013 motion because they were not included in the

5

amended motion for postconviction relief filed by Postconviction Counsel. After considering the merits of the ineffective assistance of counsel claim, the Superior Court concluded that Miller's former counsel had legitimate concerns regarding Miller's mental competency and that he would have acted unprofessionally if he had jumped on the March 8, 2012 offer while he had concerns about his client's competency. The Superior Court also found that Miller could not show any prejudice because the Court, not the parties, decides the appropriate sentence. This appeal followed.

(12) On appeal, Postconviction Counsel ("Postconviction Counsel") filed a brief and a motion to withdraw under Supreme Court Rule 26(c) ("Rule 26(c)"). Postconviction Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. Postconviction Counsel informed Miller of the provisions of Rule 26(c) and provided Miller with a copy of the motion to withdraw and the accompanying brief. Postconviction Counsel also informed Miller of his right to identify any points he wished this Court to consider on appeal. Miller has raised several issues for this Court's consideration. The State has responded to the issues raised by Miller and asked this Court to affirm the Superior Court's judgment.

(13) When reviewing a motion to withdraw and an accompanying brief under Rule 26(c), this Court must: (i) be satisfied that defense counsel has made a

conscientious examination of the record and the law for arguable claims; and (ii) must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(14) On appeal, Miller argues that: (i) the Superior Court should have placed him in the Mental Health Court program and he would like to receive treatment at DPC; (ii) he was not in the "right state of mind at the time of the crime;"[2] (iii) he thinks his mental health impacted his plea and sentencing; and (iv) his former counsel did not argue his mental illness. Miller does not raise the issue argued by Postconviction Counsel in the Superior Court.

(15) In considering Miller's claims of error, this Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The Court must consider the procedural requirements of Superior Court Criminal Rule 61 ("Rule 61") before addressing any substantive issues.[4] Applying the procedural requirements of Rule 61(i), Miller's motion for postconviction relief was untimely because it was filed more than a year after his

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *Leacock v. State*, 690 A.2d 926, 927-28 (Del. 1996).

[2] Appendix to Appellant's Brief Pursuant to Rule 26(c) at A108.

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

conviction became final.[5] Miller was sentenced on August 23, 2012. Miller did not file a direct appeal and therefore his conviction became final on September 24, 2012. Miller filed his first motion for postconviction relief on November 20, 2013, more than a year after his conviction became final.

(16) Miller does not identify any retroactively applicable right that was newly recognized after his conviction became final or that the Superior Court lacked jurisdiction, so he can only overcome the procedural bar of Rule 61(i)(1) if he pleads a colorable claim of a miscarriage of justice because of a constitutional violation that undermined the fairness of the proceedings.[6] None of the claims raised by Miller state a colorable claim of a miscarriage of justice. First, Miller did not have a right to acceptance in the Mental Health Court program. Defendants charged with domestic violence are not eligible for the Mental Health Court program.[7] Miller was charged with, and pled guilty to, crimes involving domestic violence.

---

[5] Super. Ct. Crim. R. 61(i)(1) ("A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.").

[6] Super. Ct. Crim. R. 61(i)(5) (providing that Rule 61(i)(1) does not apply to claim that court lacked jurisdiction or colorable claim of miscarriage of justice).

[7] http://courts.delaware.gov/superior/mental_health.stm ("Not eligible for the program are defendants charged with sex offenses, homicide, domestic violence, weapons offenses, or offenses involving serious bodily injury.")

(17) To the extent Miller is challenging his sentence, this claim is without merit. "Appellate review of a sentence is limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[8] In this case, Miller pled guilty to three crimes carrying a maximum statutory penalty of eleven years of incarceration. Miller was sentenced to a total of eleven years of incarceration, suspended after five years. This sentence does not exceed the statutory limits.

(18) Miller's conclusory allegations that he was not in his right state of mind when he attacked his former wife and that he thinks his mental health impacted his guilty plea and sentencing fail to state a colorable claim of a miscarriage of justice. DPC determined that Miller was competent to stand trial. During the plea colloquy, Miller told the Superior Court that he understood the charges he was pleading guilty to, he was guilty of the charges, he understood that he faced a maximum penalty of eleven years in prison, he understood that he was waiving his right to defend himself at trial, and he had no questions or problems that he wished to raise with the Superior Court.

(19) The transcript of the plea colloquy does not reflect that Miller was unable to answer or had any difficulty answering the Superior Court's questions.

---

[8] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

Absent clear and convincing evidence to the contrary, Miller is bound by his representations to the judge during the guilty plea colloquy.[9] There is no clear and convincing evidence that Miller's mental health rendered his guilty plea unknowing or involuntary. A knowing and voluntary guilty plea waives any defenses Miller might have had.[10]

(20) Finally, the record does not support Miller's claim that his former counsel did not argue his mental health. Miller's former counsel had concerns regarding Miller's mental health and successfully obtained a mental health examination of Miller. The guilty plea negotiated with the State included a recommendation that Miller be evaluated by TASC for possible entry into the Mental Health Court program. Miller's former counsel raised Miller's mental health at the plea hearing and sentencing hearing, asked the Court consider Miller's mental health in sentencing him, and requested that Miller be entered into the Mental Health Court program.

(21) This Court has reviewed the record carefully and has concluded that Miller's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Postconviction Counsel has made a conscientious

---

[9] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

[10] *Anderson v. State*, 2014 WL 3511717, at *2 (Del. July 14, 2014); *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003).

effort to examine the record and the law and has properly determined that Miller could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

/s/ Henry duPont Ridgely
Justice

11